## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION AT COLUMBUS

| | | |
|---|---|---|
| JOHNATHAN CULLEN, | : | Case No. 2:22-cv-3932 |
| | : | |
| Plaintiff, | : | |
| | : | |
| | : | Judge Sarah D. Morrison |
| vs. | : | Magistrate Judge Kimberly A. Jolson |
| | : | |
| DALE FRENZ, ATTORNEY, | : | |
| | : | |
| Defendant. | : | |

## ORDER and
## REPORT AND RECOMMENDATIONS

Johnathan Cullen, a state prisoner proceeding without the assistance of counsel, has submitted a civil rights complaint to this Court. (Doc. 1). He alleges that defense counsel appointed to represent him in a state criminal case was ineffective, leading to violations of his constitutional rights. (*Id.*).

The case is currently before the undersigned Magistrate Judge to consider Plaintiff's Application to proceed without prepaying the filing fees (Doc. 3, PageID 14-22) and his re-submitted Complaint (Doc. 3, PageID 23-26), and to conduct the initial screening of the Complaint as required by 28 U.S.C. § 1915(e)(2).

The Undersigned **GRANTS** Plaintiff's Application to proceed without prepaying the filing fee. The Undersigned **RECOMMENDS** that this Court **DISMISS** Plaintiff's Complaint in its entirety for failure to state a claim upon which relief can be granted. 28 U.S.C. § 1915(e)(2).

## I.     Application to Proceed Without Prepaying the Filing Fee

Plaintiff did not pay the filing fees to institute this action when he submitted his Complaint. (*See* Deficiency Order, Doc. 2).  Thereafter, he filed an Application to proceed *in forma pauperis* and without prepayment of the filing feed.  (Doc. 3, PageID 14-22).

Plaintiff's Application is **GRANTED**.  It is **ORDERED** that Plaintiff be allowed to prosecute this action without prepayment of fees or costs and that judicial officers who render services in this action shall do so as if the costs had been prepaid.

Plaintiff is required to pay the full amount of the Court's $350 filing fee.  28 U.S.C. § 1915(b)(1); 28 U.S.C. § 1914.  Because he is permitted to proceed *in forma pauperis*, Plaintiff is not required to pay the Court's $52 administrative fee.  *See* Judicial Conference Schedule of Fees, No. 14 (issued in accordance with 28 U.S.C. § 1914), available at https://www.uscourts. gov/services-forms/fees/district-court-miscellaneous-fee-schedule  (accessed  Dec.  15,  2022). Plaintiff's Application, however, reflects that that he does not have sufficient funds to pay the entire filing fee in full at this time.

In accordance with section 804(a)(3) of the Prison Litigation Reform Act of 1995, 28 U.S.C. § 1915(b)(1), Plaintiff must pay an initial partial filing fee of 20 percent of the greater of the average monthly deposits to his prison account or the average monthly balance in his account for the six-month period immediately preceding the filing of the complaint.  After payment of the initial partial filing fee, Plaintiff is further required to make monthly payments of 20 percent of the preceding month's income credited to his prison account until he pays the full amount of the $350 filing fee.  28 U.S.C. § 1915(b)(2).

The custodian of Plaintiff's inmate trust account at the institution of his residence is therefore **DIRECTED** to submit to the Clerk of the United States District Court for the Southern District of Ohio as an initial partial payment, 20% of the greater of:

    (a) the average monthly deposits to the inmate trust account; or

    (b) the average monthly balance in the inmate trust account, for the six months

        immediately preceding the filing of the Complaint.

28 U.S.C. § 1915(b)(1). If Plaintiff does not currently possess the funds to pay the initial filing fee, the amount assessed shall be collected from Plaintiff's account when such funds become available. 28 U.S.C. § 1915(b)(4). Even if the account balance is less than $10, the custodian must still forward payments to the Clerk of Court to pay the initial filing fee.

Once the initial partial filing fee is paid, the custodian shall submit 20% of the inmate's preceding monthly income credited to the account if, during that month, the balance of that account exceeds $10, until the full fee of $350 has been paid. 28 U.S.C. § 1915(b)(2); *see McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997). If Plaintiff is transferred to another institution, the current custodian should forward this Order to that institution so that the new custodian of Plaintiff's account can collect and remit the monthly partial payment. Checks are to be made payable to "Clerk, U.S. District Court" and sent to:

    Prisoner Accounts Receivable
    Joseph P. Kinneary United States Courthouse
    85 Marconi Boulevard, Room 121
    Columbus, Ohio 43215

*The prisoner's name and this case number must be included on each remittance.*

The Clerk of Court is **DIRECTED** to mail a copy of this Order to Plaintiff, to the institutional cashier's office, and to this Court's financial office in Columbus.

## II.      Re-Submitted Complaint

The Complaint, as initially submitted, was not signed by Plaintiff.  (Doc. 1, PageID 4).
The Court ordered Plaintiff to sign the Complaint and return it to the Clerk.  (Doc. 2).  Plaintiff
did so, and the signed, re-submitted Complaint is currently on the docket attached to Plaintiff's
Application to proceed without prepaying the filing fees.  (*See* Doc. 3, PageID 23-27).

To clarify the record, the Clerk is **DIRECTED** to file the re-submitted complaint (Doc. 3,
PageID 23-27) separately on the docket as the "Signed Complaint."  The Court's Deficiency Order
(Doc. 2) is deemed **SATISFIED**.

The Complaint is four pages long.  (Doc. 1; Doc. 3, PageID 23-26).[1]  The Court will
proceed to screen the Complaint, which will be cited in the following sections as "Complaint, p.
__" for ease of reference.

## III.      Initial Screening Standard

Because Plaintiff is proceeding *in forma pauperis*, the Court is required to conduct an initial
screening of his Complaint.  28 U.S.C. § 1915(e)(2).  The Court must dismiss the Complaint, or
any portion of it, that is frivolous, malicious, fails to state a claim upon which relief may be granted,
or seeks monetary relief from a defendant who is immune from such relief.  *Id.*

A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with
a rational or arguable basis in fact or law.  *Neitzke v. Williams*, 490 U.S. 319, 328-29 (1989); *see
also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990).  An action has no arguable *legal*
basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest
which clearly does not exist.  *Neitzke*, 490 U.S. at 327.  An action has no arguable *factual* basis
when the allegations are delusional or rise to the level of the irrational or "wholly incredible."

---

[1] Doc. 3, PageID 27 is an image of the envelope in which the Complaint was returned.

*Denton v. Hernandez*, 504 U.S. 25, 32 (1992); *Lawler*, 898 F.2d at 1199. The Court need not accept as true factual allegations that are "fantastic or delusional" in reviewing a complaint for frivolousness. *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Neitzke*, 490 U.S. at 328).

A complaint must also be dismissed if it fails to state a claim on which relief may be granted. 28 U.S.C. § 1915A(b)(1). To state a claim for relief, a complaint must set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Court must construe the complaint in plaintiff's favor, accept all well-pleaded factual allegations as true, and evaluate whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). However, a complaint that consists of "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" is insufficient. *Id*. (quoting *Twombly*, 550 U.S. at 555).

In the interest of justice, this Court is also required to construe a pro se complaint liberally and to hold it "to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) and citing Fed. R. Civ. P. 8(f) [now (e)]). Even with such a liberal construction, a pro se complaint must still adhere to the "basic pleading essentials." *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989). Specifically, a pro se "complaint 'must contain either direct or inferential allegations respecting all the material elements' to recover under some viable legal theory." *Barhite v. Caruso*, 377 F. App'x 508, 510 (6th Cir. 2010) (quoting *Mezibov v. Allen*, 411 F.3d 712, 716 (6th Cir. 2005)).

5

### IV.    Parties and Claims

Plaintiff Johnathan Cullen is a state prisoner who recently began serving a criminal sentence.[2]  (Complaint, p. 1, 3-4).  He alleges that he is wrongfully imprisoned.  (*Id.*, p. 4).

Plaintiff sues one defendant:  Dale Frenz, an attorney who was appointed in 2021 to represent Plaintiff in a criminal case.  (Complaint, p. 3).  Plaintiff alleges that Defendant "was ineffective in that he failed to call witnesses, failed to enter objections as instructed by Plaintiff to prove [his] innocence," and told Plaintiff to plead guilty to get the case over.  (*Id.*).

The Complaint is brought under 42 U.S.C. § 1983.  (Complaint, p. 2; Civil Cover Sheet, Doc. 1-3, PageID 7).  This statute allows a plaintiff to seek redress from state actors for "the deprivation of any rights, privileges, or immunities secured by the Constitution."  *Nelson v. Campbell*, 541 U.S. 637, 643 (2004).  To state a cause of action under Section 1983, a plaintiff must allege:  "(1) a deprivation of a right secured by the Constitution or laws of the United States (2) caused by a person acting under color of state law."  *Hunt v. Sycamore Cmty. Sch. Dist. Bd. of Educ.*, 542 F.3d 529, 534 (6th Cir. 2008) (citation omitted).  Here, Plaintiff identifies the constitutional guarantees against cruel and unusual punishment, discrimination, and violations of due process.  (Complaint, p. 3).

Plaintiff seeks monetary damages in the amount of $60,000 for being wrongfully imprisoned.  (Complaint, p. 4).

### V.    Discussion

The Undersigned concludes that the Complaint, even liberally construed, does not state a claim upon which relief may be granted.  First, Defendant Frenz cannot be sued under 42 U.S.C.

---

[2] According to website of the Ohio Department of Rehabilitation and Correction, Plaintiff is in custody at North Central Correctional Institution.  *See* Offender Details, available by inmate name or number search at https://appgateway.drc.ohio.gov/OffenderSearch/Search/Details/A805560 (accessed Dec. 15, 2022) (spelling his name Jonathan, rather than Johnathan).

§ 1983 because he is not a state actor. As noted above, to state a claim under § 1983, "a plaintiff must allege a violation of a right secured by the federal Constitution or laws and must show that the violation was committed by *a person acting under color of state law*." *Flanory v. Bonn,* 604 F.3d 249, 253 (6th Cir. 2010) (emphasis added). "It is firmly established that a public defender or a court-appointed defense counsel, while acting in that capacity, is not a state actor for purposes of § 1983"; that is, they are not "a person acting under color of state law." *White v. Robertson-Deming*, 9 F. App'x 418, 419-20 (6th Cir. 2001) (citing *Polk County v. Dodson*, 454 U.S. 312, 321 (1981)); *see also Whisnant v. Stokes*, No. 1:08-cv-229, 2008 WL 4763853, at *5 (E.D. Tenn. Oct. 28, 2008) (and the cases cited therein) ("courts have uniformly held [that] an attorney, whether appointed or retained, whether in state court or federal court, is not acting under color of law.").

There are some narrow exceptions to this rule. For example, "[a] person may be a state actor if he or she 'acted together with or has obtained significant aid from state officials, or because his conduct is otherwise chargeable to the State.'" *Ayers v. Gabis*, No. 20-11735, 2021 WL 4316853, at *4 (E.D. Mich. Sept. 23, 2021) (quoting *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982)). "But without some plausible and specific factual showing that the person acted in concert with state officials to deprive the plaintiff of some constitutional right, a criminal defense attorney is not a 'state actor' and is not subject to suit under 42 U.S.C. § 1983." *Ayers*, 2021 WL 4316853, at *4 (citing *Elrod v. Michigan Supreme Court*, 104 F. App'x 506, 508 (6th Cir. 2004)). Even alleging "that [a] court-appointed attorney[] conspired with the trial judge to deprive him of a fair trial," without pleading any facts to support the conclusionary label, is insufficient. *Ayers*, 2021 WL 4316853, at *5.

Here, Plaintiff asserts only that Defendant Frenz was ineffective as defense counsel in a criminal case and urged Plaintiff to plead guilty to end the case. (Complaint, p. 3). There are no

7

other facts pled that would allow the Court to conclude that the described exception would apply. Accordingly, the general rule—that appointed defense counsel is not subject to suit under § 1983— applies. All the claims against the sole Defendant should be dismissed for this reason.

In addition, claims alleging legal malpractice are a state matter, rather than a federal matter. *See Tillman v. Meijer Store*, No. 1:15-cv-459, 2015 WL 4247786, at *2 (W.D. Mich. July 13, 2015) ("claims of legal malpractice . . . arise solely under state law" and are not redressable under § 1983. "The Sixth Circuit has stated that district courts should generally decline to exercise supplemental jurisdiction over state law claims under these circumstances." *Id*. (citing *Landefeld v. Marion Gen. Hosp.*, 994 F.2d 1178, 1182 (6th Cir. 1993) and other cases); *White*, 9 F. App'x at 420 (citing *Musson Theatrical, Inc. v. Federal Express Corp.*, 89 F.3d 1244, 1254-55 (6th Cir. 1996)). To the extent Plaintiff has raised a state legal malpractice claim, that claim should be dismissed without prejudice.

Finally, the Undersigned notes that a challenge to the fact or duration of a state criminal conviction may generally only be brought to federal court by way of a petition for a writ of habeas corpus under 28 U.S.C. § 2254, rather than by a civil action under 42 U.S.C. § 1983. *See Heck v. Humphrey*, 512 U.S. 477, 481 (1994) (citing *Preiser v. Rodriguez*, 411 U.S. 475, 488-90 (1973)) ("habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983."). The Undersigned expresses no opinion on whether Plaintiff may or should bring such an action, or whether he has met the statutory prerequisites for filing such an action, such as exhausting his state-court remedies. 28 U.S.C. § 2254(b).

## VI.    Conclusion and Recommended Disposition

The Undersigned **GRANTS** Plaintiff's Application to proceed *in forma pauperis* and without prepaying the filing fee. (Doc. 3, PageID 14-22). His re-submitted "Signed Complaint" (Doc. 3, PageID 23-27) shall be filed separately on the docket by the Clerk.

Having screened the Complaint as required by law, the Undersigned concludes that Plaintiff has failed to state a claim against Defendant upon which relief may be granted. The Undersigned therefore **RECOMMENDS** that:

1.    The Court **DISMISS** the Complaint in its entirety pursuant to 28 U.S.C. § 1915(e)(2).

2.    The Court **CERTIFY** pursuant to 28 U.S.C. § 1915(a)(3) that, for the reasons discussed above, an appeal of any Order adopting this Report and Recommendation would not be taken in good faith, and therefore, deny Plaintiff leave to appeal *in forma pauperis. See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

Plaintiff is **ADVISED** that he must keep the Court informed of his current address, and promptly file a Notice of New Address if he is released or transferred.

## VII.    Notice Regarding Objections to this Report and Recommendation

If any party objects to this Report and Recommendation ("R&R"), the party may serve and file specific, written objections to it within **FOURTEEN DAYS** after being served with a copy thereof. Fed. R. Civ. P. 72(b). All objections shall specify the portion(s) of the R&R objected to and shall be accompanied by a memorandum of law in support of the objections. The Court may extend the 14-day objections period if a timely motion for an extension of time is filed.

A Judge of this Court will make a de novo determination of those portions of the R&R to which objection is made. Upon proper objection, a Judge of this Court may accept, reject, or

modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions.  28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the R&R will result in a waiver of the right to have the District Judge review the R&R de novo, and will also operate as a waiver of the right to appeal the decision of the District Court adopting the R&R.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

**IT IS SO ORDERED.**

January 13, 2023 _____                    */s/Kimberly A. Jolson* _____
                                          Kimberly A. Jolson
                                          UNITED STATES MAGISTRATE JUDGE